UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

JAMES RIVER INSURANCE
COMPANY et al.,

                    Plaintiffs,

             -v-

INDIAN HARBOR INSURANCE
COMPANY,

                    Defendant.

18-CV-767 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiffs James River Insurance Company and Certified Safety, Inc. move this Court to reconsider the Opinion and Order entered on October 31, 2019, in which the Court denied Plaintiffs' motion for summary judgment. (Dkt. No. 37.) The motion for reconsideration is denied.

      Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). It will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

      Plaintiffs first argue that they are entitled to summary judgment on the issue of notice. On the undisputed facts, Plaintiffs argue, they gave timely notice to Indian Harbor of their insurance claim. Although neither Certified (the insured) nor Assurance Agency (its insurance broker), gave actual notice of the claim to Indian Harbor, Plaintiffs argue that Certified provided

1

timely notice to *Assurance* and that such notice sufficed because Assurance was acting as an agent of Indian Harbor.

In its Opinion and Order, the Court denied summary judgment on this issue because the existence of an agency relationship is "normally a question of fact" that is "inappropriate for resolution on a motion for summary judgment." *Green Door Realty Corp. v. TIG Ins. Co.*, 329 F.3d 282, 289 (2d Cir. 2003). Plaintiffs' motion for reconsideration identifies no reason to disturb that judgment. Although Plaintiffs cite record evidence suggesting that Assurance sometimes accepted insurance claims on behalf of Indian Harbor (*see* Dkt. No. 39-1 at 5–8), the record also contains contrary evidence suggesting that, for example, officers of Certified understood that Assurance could not accept claims on behalf of Indian Harbor (*see* Dkt. No. 44 at 9–11; *see also* Dkt. No. 29-1 ¶¶ 47, 48; 30-1 at 12–13.).[1] Such factual disagreement precludes summary judgment.

Plaintiffs next argue that they are entitled to summary judgment on the issue of coverage under the "professional services" provision of their insurance policy with Indian Harbor. In its Opinion and Order, the Court denied summary judgment on this issue because of factual uncertainty about the precise nature of the services rendered by Certified. In their reconsideration motion, Plaintiffs now dispute the Court's construction of the term "professional services." (Dkt. No. 9–13.) In support, however, Plaintiffs only repeat arguments already advanced in favor of their interpretation. The Court rejected those arguments in its initial

---

[1] Plaintiffs dispute the admissibility of deposition testimony from Certified's Chief Operating Officer, Robert Matteson, because the testimony "was solicited improperly by a nonfactual hypothetical." (Dkt. No. 45 at 2.) The deposition transcript, however, indicates that Matteson was testifying about his own understanding of Assurance's relationship with Indian Harbor, which is permissible under the Federal Rules of Evidence. (*See, e.g.*, Dkt. No. 31-1 at 13 ("Q. So you understand that in order to get the coverage, Assurance Agency would have to provide [actual] notice to [Indian Harbor]? A. Yes.").

Opinion and Order, and the Court does so again, for the same reasons. (*See* Dkt. No. 37 at 6 n.4.)

Finally, Plaintiffs argue for reconsideration on the ground that Indian Harbor waived its ability to deny coverage under the "professional services" provision. The Court originally denied summary judgment on this issue because Indian Harbor asserted, in its initial denial of coverage, that "to the extent that any damages are awarded that do not arise from PROFESSIONAL LOSS and PROFESSIONAL SERVICES as defined above, coverage is not afforded." (Dkt. No. 27-18 at 4.) Plaintiffs now argue that waiver can be inferred from Indian Harbor's "equivocal" language. (Dkt. No. 39-1 at 16.) That argument stands the doctrine of waiver on its head. *See, e.g.*, *Gilbert Frank Corp. v. Fed. Ins. Co.*, 520 N.E.2d 512, 514 (N.Y. 1988) ("Waiver is an intentional relinquishment of a known right and should not be lightly presumed."). Without a "clear manifestation of intent" from Indian Harbor, *id.*, Plaintiffs cannot establish that Indian Harbor waived its ability to deny coverage.

The motion for reconsideration is denied in its entirety.

The Clerk of Court is directed to close the motion at Docket Number 39.

SO ORDERED.

Dated: June 23, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge